UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR NO. 1:CR-01-361 |
| | ) | |
| V. | ) | (Judge Kane) |
| | ) | |
| LEONARD IACONO | ) | (Electronically Filed) |

## RESPONSE TO § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

**AND NOW**, comes the United States through Christy H. Fawcett, Assistant U.S. Attorney, and files the within Response to § 2255 Motion to Vacate, Set Aside, or Correct Sentence:

1. On November 21, 2001, the grand jury issued an indictment charging the defendant with being a felon in possession of a firearm in violation of 18 USC § 922(g)(1) (Count 1), and possessing a firearm as an unlawful user of controlled substances, in violation of 18 USC § 922(g)(3) (Count 2).

2. In an initial appearance on December 21, 2001, the defendant pled not guilty. Frank Acuri, Esquire, entered his appearance on that same date.

3. On January 29, 2002, a plea agreement was filed. The terms of the plea agreement provided, in part, that the defendant would plead guilty as charged and if he provided substantial assistance to the government, the government might file a motion for downward departure. The plea agreement also provided that the government would recommend that the district court impose the minimum term within the applicable guideline range.

4. The defendant pled guilty to the two-count indictment on March 11, 2002. Thereafter, a presentence report was prepared. Based on a total offense level of 21 and a criminal history category of V, the report set the defendant's guideline sentencing range at 70-87 months.

5. On November 20, 2002, the government filed a Motion for Downward Departure asking the Court to grant a 30 percent departure from the guidelines sentencing range because the defendant provided substantial assistance to the government.

6. On November 21, 2002, the Court granted the government's motion for a 30 percent downward departure but declined to accept the government's recommendation that the downward departure be calculated from the low end of the applicable guideline range. The Court sentenced the defendant to 60 months' imprisonment on each count with the sentences to be served concurrently, payment of a $500 fine on each count, and payment of a $100 special assessment on each count.

7. On January 21, 2003, the defendant filed a *pro se* motion to file a notice of appeal *nunc pro tunc* and supporting brief. An order granting the motion was issued by the Court on January 27, 2003. The defendant filed a *pro se* notice of appeal on that same date.

8.   On March 24, 2003, the defendant filed a Motion for Reduction of Sentence.  On April 2, 2003, the government filed an opposing motion and on April 14, 2003, the defendant filed a responsive document. On May 6, 2003, the district court entered an order denying the defendant's motion for reduction of sentence.

9.   On September 23, 2003, the defendant's counsel filed a Motion to Withdraw as counsel with the Third Circuit stating that he had determined the defendant's appeal was wholly frivolous. On October 8, 2003, the defendant's counsel filed a Motion for Voluntary Dismissal and *Anders* brief.  This was followed, on October 10, 2003, by the defendant's *pro se* "Motion in Request for Appointment of Counsel Pursuant to Title 28 U.S.C. § 1915(d)" and another *pro se* Notice of Appeal.  Also on October 10, 2003, the defendant filed *pro se* documents entitled "Informal Brief" and "Addendum to Initial Brief."

10.   On April 5, 2004, the Third Circuit filed an opinion granting the defendant's counsel's motion to withdraw and affirming the defendant's judgement and conviction.  The Third Circuit held that it had no jurisdiction to review the Court's discretionary decision to downwardly depart from the middle of the otherwise applicable guidelines range rather than the bottom of that range. *See United States v. Iacono,* 2004 WL 729180 (3rd Cir. April 5, 2004).

11.  On June 21, 2004, the defendant timely filed a form document entitled "Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody."  The Court has directed the government to file a response on or before November 22, 2004.

12.  In his § 2255 motion, the defendant alleges that his trial counsel was ineffective for failing to file a motion for downward departure under USSG § 2K2.1(b)(2)("lawful sporting purposes provisions").

**ARGUMENT**

The presentence investigation calculated the defendant's offense level at 24 because he had "committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  USSG § 2K2.1 (a)(2); PSI ¶ 24.  He was given a three point downward departure for acceptance of responsibility.  (PSI ¶¶ 19, 20.)

The defendant's criminal history category was determined to be V.  Among the convictions counted towards that level were:

1) a 1983 conviction for terroristic threats, false imprisonment and recklessly endangering in which the defendant struck the victim, bound his hands and feet and tied him to a chair, threatened him with a loaded firearm, imprisoned him for several hours and attempted to throw him over a dam (PSI ¶ 24);

2) a 1989 conviction for possession with intent to deliver marijuana and possession of cocaine (PSI ¶ 26); and

3) a 1990 conviction for possession with intent to deliver marijuana and criminal conspiracy (PSI ¶ 27).

Section 2K2.1(b)(2) of the sentencing guidelines provides that a defendant's offense level should be decreased to six

> if the defendant, other than a defendant subject to subsection (a)(1), (a)(2), (a)(3), (a)(4) or (a)(5), possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition . . .

USSG § 2K2.1 (b)(2).

The defendant correctly notes that if his offense level were reduced to six, and given his criminal history category of V, the defendant's guidelines sentencing range would be nine to 15 months.

Although it is not specifically stated in his § 2255 motion, the defendant is apparently arguing that he is not subject to exclusion from the lawful sporting purposes provision under subsection (a)(2) because his prior felony convictions of a crime of violence and two felony drug offenses occurred more than 10 years prior to the commission of the instant offense. *See* (Defendant's Motion, 5-B, 5-C.)  Thus, he claims, his defense counsel was ineffective for failure to file a motion for downward

departure under § 2K2.1(b)(2).[1]

In support of his argument, the defendant cites USSG § 4A1.2 (e)(2) and *United States v. Cain,* 10 F.3d 261 (5th Cir. 1993). Defendant's Motion, 5-C. Section 4A1.2, entitled "Definitions and Instruction for Computing Criminal History, provides, in part, that

> [a]ny other prior sentence that was imposed within 10 years of the defendant's commencement of the instant offense is counted.

USSG § 4A1.2(e)(2).

In *United States v. Cain,* the Fifth Circuit rejected the appellant's argument that he should not be assessed criminal history points for a sentence that was imposed during the 10-year period but which gave him credit for time that was served outside the 10-year period. *United States v. Cain,* 10 F.3d 261, 62 (5th Cir. 1993).

Neither Section 4A1.2 (e)(2) nor *United States v. Cain* is applicable to whether the defendant here was eligible for a downward departure under the lawful sporting purposes provision of the Sentencing Guidelines. This is because the defendant confuses the Chapter Four sentencing guidelines provisions, which address

---

[1] If counsel could made a non-frivolous argument that the defendant qualified for the lawful sporting purposes provision, the appropriate vehicle to raise this argument would have been an objection to the probation officer's calculation of the offense level, not a motion for downward departure. The substance of the defendant's claim--that his counsel should have attempted to argue that the lower offense level applied to him--remains the same regardless of the means by which it is asserted.

the calculation of the defendant's criminal history points, and the provisions of 2K2.1, the guidelines provisions the govern the determination of a base offense level for defendants charged with firearms violations.

The lawful sporting purposes provision excludes defendants subject to certain subsections, including subsection (a)(2), the subsection cited by the probation officer in determining that the defendant's offense level was 24.  Subsection (a)(2) applies to defendants who committed the instant offense after "sustaining at least two felony convictions of either a crime of violence or a controlled substance offense."  USSG § 2K2.1 (a)(2).  For purposes of Section 2K2.1, the term "felony conviction" means, in part,

> a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed. A conviction for an offense committed at age eighteen years or older is an adult conviction.

1K2.1, comment. (n. 5).

Nowhere in Section 2K2.1 is it stated that for purposes of that section, a felony conviction does not include convictions that occurred more than 10 years prior to commission of the instant offense.   Thus, the defendant was excluded from the lawful sporting purposes provision because he has at least two prior felony convictions for a crime of violence or a controlled substance offense. USSG § 2K2.1(a)(2); USSG § 2K2.1 comment. n. 5.

Accordingly, there was no basis for counsel to argue that pursuant to the lawful sporting purposes provision, the defendant's offense level should have been six. Counsel cannot be deemed to have been ineffective for failure to file a frivolous motion. *Tollett v. Henderson,* 411 U.S. 258, 267 (1973); *Vieux v. Pepe,* 184 F.3d 59, 65 (1st Cir. 1999); *United States v. Boothe,* 994 F.2d 63, 69 (2d Cir. 1993); *Laird v. United States,* 987 F2d. 527, 530 (8th Cir. 1993).

## **CONCLUSION**

For all these reasons, the defendant's § 2255 motion should be denied without a hearing.

          Respectfully submitted,

          THOMAS A. MARINO
          United States Attorney

          s/Christy H. Fawcett
          CHRISTY H. FAWCETT
          Assistant U.S. Attorney
          PA35067
          Christy.Fawcett@usdoj.gov

          228 Walnut Street, Suite 220
          P.O. Box 11754
          Harrisburg, PA 17108
          Phone: (717) 221-4482
          Fax: (717) 221-4582

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR NO. 1:CR-01-361 |
| | ) | |
| V. | ) | (Judge Kane) |
| | ) | |
| **LEONARD IACONO** | ) | (Electronically Filed) |

**CERTIFICATE OF SERVICE**

   The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

   That this 19th day of November 2004, she served a copy of the attached

**RESPONSE TO § 2255 MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Leonard Iacono #11234-067
FCI Elkton
P.O. Box 10
Lisbon, OH 44432-0010

s/Christina L. Garber
Christina L. Garber
Legal Assistant