IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:CR-01-361-01 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| LEONARD IACONO, | : | |
| Movant | : | |

## ORDER

Presently before the Court is Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 43) and all responsive papers thereto. Having been fully briefed, the matter is now ripe for disposition. For the reasons addressed below, the Court will deny Movant's motion.

**I.    Background**

On December 3, 1999, Movant was arrested while hunting from a tree stand near the York County Club golf course in York, Pennsylvania. (March 11, 2002 Plea Hearing Transcript, Doc. No. 43, Attachment 1.) Movant had in his possession a rifle and the bodies of two freshly killed dear. (Id.) A urinalysis determined that Movant was under the influence of cocaine and marijuana at the time of the arrest. (Id.) Movant had previously been convicted of possession of drugs with intent to deliver on two separate occasions; once on October 29, 1989 and once on November 13, 1990. (Id.)

On November 21, 2001, a grand jury issued an indictment charging Movant with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possessing a firearm as an unlawful user of controlled substances, in violation of 18 U.S.C. § 922(g)(3). On March 11, 2002, Movant plead guilty to both counts pursuant to a plea agreement. On November 21, 2002, the Court granted the Government's motion for a 30 percent downward departure but declined to

adopt its recommendation that the downward departure be calculated from the low end of the guideline range. The Court sentenced Movant to 60 months of incarceration on each count, to be served concurrently, and imposed a fine of $1,000.

On June 21, 2004, Movant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 43.) On July 21, 2004, the Court issued Movant a notice required under United States v. Miller, 197 F.3d 644 (3d Cir. 1999). Movant was given 45 calendar days to return the notice, but failed to respond. (Doc. No. 44.) By Order dated November 2, 2004, the Court directed the Clerk of Court to serve a copy of the above motion on the United States Attorney. (Doc. No. 45.) The Government filed a timely response on November 19, 2004. (Doc. No. 47.)

### III. Discussion

An evidentiary hearing is required by § 2255 "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also U.S. v. Baynes, 622 F.2d 66, 68 (3d Cir. 1980). Where the record affirmatively indicates that a Petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing. See Nicholas, 759 F.2d at 1075. "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing."

Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

In his motion, Movant claims that he was denied effective assistance of counsel during sentencing. (Doc. No. 43.) Specifically, Movant alleges that "Defense Counsel was ineffective at the time of [s]entencing in failing to move for downward departure [p]ursuant to U.S.S.G. § 2K2.1(B)(2)." (Id.)

The Supreme Court established a two-prong test in determining whether counsel was so ineffective as to constitute a violation of a defendant's right to counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). "A petitioner must show (1) that counsel made errors so serious that counsel's representation fell below an objective standard of reasonableness, and (2) that such failure resulted in prejudice so as to deprive the petitioner of a fair trial, that is, a trial whose result is reliable." Zettlemoyer v. Fulcomer, 923 F.2d 284, 295 (3d Cir. 1991)(citing Strickland, 466 U.S. at 687-688).

In the case at bar, Movant contends that he should have been afforded a reduced base offense level because he met the requirements of § 2K2.1(b)(2) and that his counsel was ineffective for failing to object to the probation officer's calculation of the offense level. (Doc. No. 43.) Movant argues that his base offense level should have been determined by section 2K2.1(b)(2) of the United States Sentencing Guidelines, which states in pertinent part that:

> If the defendant, other than a defendant subject to subsection . . . (a)(2) . . . possessed all ammunition and firearms solely for lawful sporting purposes or collection, and did not unlawfully discharge or otherwise unlawfully use such firearms or ammunition, decrease the offense level determined above to level 6.

18 U.S.C.S. Appx. § 2K2.1(b)(2). Instead, Movant's base offense level was calculated pursuant to section 2K2.1(a)(2), which states:

3

Base Offense Level (Apply the Greatest):

\* \* \*

(2) 24, if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense;

\* \* \*

18 U.S.C.S. Appx. § 2K2.1(a). Movant argues that section 4A1.2(e)(2) limits the above previous felony convictions to only those convictions within the last ten years prior to sentencing. As Movant reasons, because his past felony convictions occurred more than ten years prior to sentencing, he should not have been sentenced under 2K2.1(a)(2) and therefore should not have been excluded from receiving the lower base level benefit of section 2K2.1(b)(2). Unfortunately for Movant, section 4A1.2 governs the computing of criminal history under the guidelines and has no application to the calculation of the base offense level. Section 2K2.1 does not contain a time limit with regard to counting prior felonies. See 18 U.S.C.S. Appx. § 2K2.1, Commentary (defining "Felony Conviction"). Accordingly, this claim is meritless. Counsel cannot be found ineffective for failing to raise a claim that lacks merit. Singletary v. Blaine, 89 Fed. Appx. 790 (3d Cir. 2004) (non-precedential opinion), (citing Moore v. Deputy Commissioner of SCI-Huntingdon, 946 F.2d 236, 245 (3d Cir. 1991)). As this claim lacked merit and Movant was properly sentenced under the guidelines, prior counsel was not ineffective for failing to object.

III. <u>Order</u>

**AND NOW**, this 28th day of February, 2005, upon consideration of Movant's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. No. 43), all responsive papers thereto, and the record as a whole, **IT IS HEREBY ORDERED THAT** Movant's motion is **DENIED**. The Clerk of Court is directed to close the file.

                                                           Yvette Kane
                                                           United States District Judge